FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ALEXANDER KANDEL (SBN 306176)
alexanderk@novianlaw.com
**NOVIAN & NOVIAN LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:   (310) 553-1222
Facsimile:    (310) 553-0222

Attorneys for Plaintiff LEAH FLORES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH FLORES, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>FASHION MARKETING AND MERCHANDISING GROUP, INC., a California corporation; MINGZHI HU, an individual; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT—Count I;**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count I;**<br>3. **COPYRIGHT INFRINGEMENT—Count II**<br>4. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count II**<br>5. **COPYRIGHT INFRINGEMENT—Count III**<br>6. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count III**<br>7. **COPYRIGHT INFRINGEMENT—Count IV**<br>8. **VICARIOUS AND/OR** |

CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count IV
9. COPYRIGHT INFRINGEMENT—Count V
10. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count V
11. VIOLATION OF CALIFORNIA BUS. & PROF. CODE §§17200 *et seq.*

**JURY TRIAL DEMANDED**

Plaintiff LEAH FLORES, ("Plaintiff") by and through her undersigned counsel, hereby complains against defendants FASHION MARKETING AND MERCHANDISING GROUP, INC., a California corporation; MINGZHI HU, an individual; and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff creates and obtains rights to unique two-dimensional non-functional designs for display and use on textiles and accessories, which are transacted primarily in and through the apparel and home goods industries. Plaintiff owns these artworks in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties.  Defendants have knowingly and intentionally used such artworks in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.      The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.      The Court has ancillary subject matter jurisdiction over Plaintiff's state law claims under principles of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the Defendants can be found in this judicial district.

5.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part

of the events giving rise to the claims occurred the tortious acts occurred, and a substantial part of the injury took place and continues to take place; and (b) Defendants are subject to the Court's personal jurisdiction with respect to this action.

## **THE PARTIES**

6.     Plaintiff LEAH FLORES ("Plaintiff") is an individual residing in the State of Oregon.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant FASHION MARKETING AND MERCHANDISING GROUP, INC. ("Fashion Marketing"), is, and at all times relevant was, a California corporation with its principal place of business at 345 North Baldwin Park Boulevard, City of Industry, California 91746.  Plaintiff is informed and believes, and thereon alleges, that Fashion Marketing advertises, distributes, and sells products under various brands, including "SHEIN" and "ROMWE," to consumers throughout the United States, including consumers within this Court's jurisdiction.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant MINGZHI HU ("Hu") is an individual that is, and at all relevant times was, residing and doing business within the jurisdiction of this court.  Upon information and belief, Hu is, and at all relevant times was, the principal and/or authorized agent of Fashion Marketing.

9.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between Fashion Marketing and Hu such that any individuality or separateness between Fashion Marketing, on the one hand, and Hu, on the other, have ceased.  Fashion Marketing is the alter ego of Hu in that:

a. Fashion Marketing is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Hu carried on business in the name of Fashion Marketing while exercising

complete control and dominance over Fashion Marketing, its business, and its assets to such an extent that any individuality or separateness between Fashion Marketing and Hu did not exist.

b. Fashion Marketing was conceived, intended, and used by Hu as a device to avoid liability.  Fashion Marketing is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Hu and the risks of loss, its capitalization was illusory and trifling.

c. Fashion Marketing is, and at all times herein mentioned was, controlled, dominated, and operated by Hu, as its alter ego, in that the activities and business of Fashion Marketing were carried out without holding annual meetings, and without keeping records or minutes of any proceedings, or maintaining written resolutions.  Moreover, the activities and business of Fashion Marketing were ultra vires, fraudulent, and carried out without incorporation or registration.

10.   Adherence to the fiction of the separate existence of Fashion Marketing and Hu would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct.  This is true because, as Plaintiff is informed and believes, at all relevant times, Fashion Marketing and Hu were commingling assets in a manner that allowed Hu and Fashion Marketing to utilize and freely transfer those assets amongst themselves.  The commingling of assets and unlawful business conduct, as alleged more fully herein, by Hu through this entity, Fashion Marketing, was intended, among other things, to allow Hu to avoid liability to Plaintiff for valid obligations.

11.   Defendants DOES 1 through 10 are individuals and/or entities whose

true names and capacities are presently unknown to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

12.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased.  Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business.  Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct.  This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves.  The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.

## PLAINTIFF'S COPYRIGHT

13.     Plaintiff is a professional artist who regularly sells, licenses, or otherwise exploits her artwork to clients and third-party retailers.

14.     Plaintiff has expended considerable resources and efforts in creating, developing, and marketing her artworks, which are essential to her business.

15.     Plaintiff owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Crash into Me" (the "Crash Into Me Artwork"):



16.     The Crash into Me Artwork was first published in January of 2014 and is registered with the United States Copyright Office as Registration No. VA 2-143-907.

17.     On or about January 23, 2014, Plaintiff began advertising, displaying, and selling the Crash Into Me Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

18.     Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Happy Place" (the "Happy Place Artwork"):

///

///



19.     The Happy Place Artwork was first published in September 2013 and is registered with the United States Copyright Office as Registration No. VA 2-108-020.

20.     On or about September 9, 2013, Plaintiff began advertising, displaying, and selling the Happy Place Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

21.     Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Love You" (the "Love You Artwork"):

22.    On or about April 26, 2014, Plaintiff began advertising, displaying, and selling the Love You Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

23.    Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Sunshine x Stripes" (the "Sunshine x Stripes Artwork"):



24.    On or about December 11, 2014, Plaintiff began advertising, displaying, and selling the Sunshine x Stripes Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

25.    Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Aloha Typography" (the "Aloha Typography"):

26.    On or about March 10, 2014, Plaintiff began advertising, displaying, and selling the "Aloha Typography" in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

27.    Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Be Brave Typography" (the "Be Brave Typography"):



28.    On or about February 22, 2018, Plaintiff began advertising, displaying, and selling the Be Brave Typography in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

29.    Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Wild & Free Typography" (the "Wild & Free Typography"):



30.    On or about November 28, 2016, Plaintiff began advertising, displaying, and selling the Wild & Free Typography in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

31.    Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally designated as "Wild Thing Typography" (the "Wild Thing Typography"):



32.    On or about March 11, 2012, Plaintiff began advertising, displaying, and selling the Wild Thing Typography in commerce throughout the United States including, but not limited to Plaintiff's website, leahflores.com, on her social media pages, and through authorized third-party retailers.

33.    Collectively, Plaintiff's Crash Into Me Artwork, Happy Place Artwork, Love You Artwork, Sunshine x Stripes Artwork, Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography will be referred to as the "Artworks".

## DEFENDANTS' INFRINGING CONDUCT

34.    Upon information and belief, Defendants are in the business of commercially manufacturing, selling, distributing, and displaying clothing, home furnishing goods, and other items.

35.    In or around late 2020, Plaintiff discovered that Defendants were

selling goods including, but not limited to, tapestries and pillows which bear artwork identical or substantially similar to Plaintiff's Crash Into Me Artwork ("Infringing Crash Into Me Goods").

36.   In or around late 2020, Plaintiff discovered that Defendants were selling goods including, but not limited to, pillows which bear artwork identical to Plaintiff's Love You Artwork ("Infringing Love You Goods").

37.   In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Happy Place Artwork ("Infringing Happy Place Goods").

38.   In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Sunshine x Stripes Artwork ("Infringing Sunshine x Stripes Goods").

39.   Upon information and belief, Defendants were selling, marketing, and advertising the Infringing Crash Into Me Goods, Infringing Happy Place Goods, Infringing Love You Goods, and Infringing Sunshine x Stripes Goods on websites including, but not limited to, *www.Shein.com*—a website owned and operated by Defendants, and each of them.

40.   Also in or around late 2020, Plaintiff discovered that Defendants were selling goods including, but not limited to, pillows which bear artwork identical to Plaintiff's Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography ("Infringing Typography Goods").

41.   Upon information and belief, Defendants were selling, marketing, and advertising the Infringing Typography Goods on websites including, but not limited to, *www.Romwe.com*—a website owned and operated by Defendants, and each of them.

*///*

42.     Collectively, the Infringing Crash Into Me Goods, Infringing Happy Place Goods, Infringing Love You Goods, Infringing Sunshine x Stripes Goods, and Infringing Typography Goods are the "Infringing Goods".

43.     Upon information and belief, Defendants have misappropriated the Artworks, and are unlawfully reproducing, importing, distributing and/or selling the Infringing Goods online through websites such as *www.Shein.com,* and *www.Romwe.com*, and to retail stores throughout the United States, including, but not limited to, within this judicial district.

44.     Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Goods in this judicial district that feature artworks that are identical or substantially similar to the respective Artworks.

45.     Upon information and belief, Defendants' infringing use of the Artworks are not limited to the Infringing Goods described above, and other goods Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Artworks.

46.     Upon information and belief, Defendants are, unlawfully reproducing, importing, distributing and/or selling goods in this judicial district that feature artworks that are identical or substantially similar to copyrighted works belonging to other entities and/or individuals.

## COUNT ONE:

## COPYRIGHT INFRINGEMENT

### (For Copyright Infringement Against All Defendants)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 46, inclusive, of this Complaint, as if fully set forth herein at length.

48.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing

directly infringing and/or derivative works from the Crash Into Me Artwork and by producing, distributing and/or selling the Infringing Crash Into Me Goods.

49.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

50.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

51.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork in an amount to be established at trial.

52.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

53.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendants, and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork render Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

///

# COUNT TWO

# VICARIOUS AND/OR CONTRIBUTORY COPY RIGHT INFRINGEMENT

## (For Vicarious and/or Contributory Copyright Infringement

## Against All Defendants)

54.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 53, inclusive.

55.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Crash Into Me Goods featuring the Crash Into Me Artwork as alleged hereinabove.

56.     Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

57.     By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

58.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork, in an amount to be established at trial.

59.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

60.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork renders Defendants liable for statutory damages as described herein.   Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT THREE:
## COPYRIGHT INFRINGEMENT
### (For Copyright Infringement Against All Defendants)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 60, inclusive, of this Complaint, as if fully set forth herein at length.

62.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Happy Place Artwork and by producing, distributing and/or selling Infringing Happy Place Goods.

63.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

64.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

65.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not

otherwise have realized but for Defendants' infringement of the Happy Place Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork in an amount to be established at trial.

66.    Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

67.    Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Happy Place Artwork renders Defendants liable for statutory damages as described herein.  Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT FOUR:

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT
## INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement
### Against All Defendants)

68.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 67, inclusive.

69.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Happy Place Goods featuring the Happy Place Artwork as alleged hereinabove.

70.     Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

71.     By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

72.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Happy Place Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork, in an amount to be established at trial.

73.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

74.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation

and/or infringement of Plaintiff's copyrighted Happy Place Artwork renders Defendants liable for statutory damages as described herein.  Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT FIVE:
## COPYRIGHT INFRINGEMENT
### (For Copyright Infringement Against All Defendants)

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 74, inclusive, of this Complaint, as if fully set forth herein at length.

76.    Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Love You Artwork and by producing, distributing and/or selling Infringing Love You Goods.

77.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

78.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

79.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Love You Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Love You Artwork in an amount to be established at trial.

80.    Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Love You Goods.

81.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Love You Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

## COUNT SIX:

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement Against All Defendants)

82.   Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 81, inclusive.

83.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Love You Goods featuring the Love You Artworks as alleged hereinabove.

84.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

85.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

86.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Love You Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits

directly and indirectly attributable to Defendants' infringement of the Love You Artwork, in an amount to be established at trial.

87.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Goods.

88.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Love You Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

## COUNT SEVEN:
## COPYRIGHT INFRINGEMENT
### (For Copyright Infringement Against All Defendants)

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 88, inclusive, of this Complaint, as if fully set forth herein at length.

90.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Sunshine x Stripes Artwork and by producing, distributing and/or selling Infringing Sunshine x Stripes Goods.

91.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

92.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

93.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits

directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork in an amount to be established at trial.

94.    Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

95.    Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

## COUNT EIGHT:

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement Against All Defendants)

96.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 95, inclusive.

97.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Sunshine x Stripes Goods featuring the Sunshine x Stripes Artwork as alleged hereinabove.

98.    Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

99.    By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages

to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

100.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork, in an amount to be established at trial.

101.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

102.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

## COUNT NINE:

## COPYRIGHT INFRINGEMENT

### (For Copyright Infringement Against All Defendants)

103.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 102, inclusive, of this Complaint, as if fully set forth herein at length.

104.   Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography by producing, distributing and/or selling the Infringing Typography Goods.

105.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

106.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

107.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement such works in an amount to be established at trial.

108.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Typography Goods.

109.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

## COUNT TEN:

## VICARIOUS AND/OR CONTRIBUTORY COPY RIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement Against All Defendants)

110.   Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 75, inclusive.

111.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of sold Infringing Typography Goods

featuring the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography as alleged hereinabove.

112.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

113.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

114.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of such works in an amount to be established at trial.

115.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Typography Goods.

116.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Aloha Typography, Be Brave Typography, Wild & Free Typography, and Wild Thing Typography. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

## **<u>COUNT ELEVEN</u>**

**(Common Law and Statutory Unfair Competition under *Business & Professions Code* §§ 17200 et seq. Against All Defendants)**

117.   Plaintiff re-alleges and incorporates herein by this reference, Paragraphs 1 through 116, inclusive, of the Complaint as though set forth in full.

118.   Upon information and belief, the acts and conduct of Defendants herein alleged constitute unfair competition at common law, and unlawful, unfair and fraudulent business practices in violation of the common law and *California Business and Professions Code* §§17200, et seq.   Specifically, and without limitation, Defendants' conduct caused violation of laws prohibiting copyright infringement, as well as violations of laws promoting fair competition and prohibiting unfair competition.

119.   Unless restrained and enjoined Defendants will continue to engage in acts of unfair competition and will continue to take unfair advantage of the copyrights they are unlawfully infringing.   Defendants, and all those acting in concert or participation with them, including but not limited to their agents, representatives, partners, employees, and attorneys, should be preliminarily and permanently enjoined from all further wrongful acts including, but not limited to, any further use of the Artworks.

120.   Plaintiff also is entitled to full restitution from Defendants for each of their acts of unfair competition and violations of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One to Four:

1. That Defendants, Defendants' agents and servants be enjoined from selling Infringing Crash Into Me Goods and Infringing Happy Place Goods, or otherwise infringing Plaintiff's copyright in the Crash Into Me Artwork and Happy Place Artwork;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff in connection with Defendants' infringement of the Crash

Into Me Artwork and Happy Place Artwork, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

4. Directing such other relief as the Court may deem appropriate to prevent Defendants from participating in these or other copyright infringements.

With respect to all Defendants, and each of them, as to Counts Five to Nine:

5. That Defendants, Defendants' agents and servants be enjoined from selling Infringing Goods, or otherwise infringing Plaintiff's copyright in the Artworks;

6. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial,

7. That an order be issued requiring Defendants to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

8. Such other relief as the Court may deem appropriate.

With respect to all Defendants, and each of them, as to Count Ten:

9. That an injunction be issued enjoining Defendants' wrongful actions.

10. That an order be issued requiring Defendants to account to Plaintiff for profits attributable to their use of Plaintiff's copyright in the Artworks, in accordance with proof.

///
///
///
///
///

For such other and further relief as the Court may deem just and proper.

Dated:  March 5, 2021          **NOVIAN & NOVIAN LLP**

By:   /s/ Farhad Novian
FARHAD NOVIAN, State Bar No. 118129
ALEXANDER KANDEL, State Bar No. 306176

Attorneys for Plaintiff LEAH FLORES, an
individual

## DEMAND FOR JURY TRIAL

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.


Dated:  March 5, 2021                 **NOVIAN & NOVIAN LLP**

                                      By:  ___/s/ Farhad Novian_____
                                      FARHAD NOVIAN, State Bar No. 118129
                                      ALEXANDER KANDEL, State Bar No. 306176

                                      Attorneys for Plaintiff LEAH
                                      FLORES, an individual