FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ALEXANDER KANDEL (SBN 306176)
alexanderk@novianlaw.com
**NOVIAN & NOVIAN LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:   (310) 553-1222
Facsimile:    (310) 553-0222

Attorneys for Plaintiff LEAH FLORES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH FLORES, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>ZOETOP BUSINESS CO., LIMITED, a Hong Kong business entity; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.:2:21-2067-JVS-MAA<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT—Count I**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count I**<br>3. **COPYRIGHT INFRINGEMENT—Count II**<br>4. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count II**<br>5. **COPYRIGHT INFRINGEMENT—Count III**<br>6. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT—Count III**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff LEAH FLORES, ("Plaintiff") by and through her undersigned counsel, hereby complains against defendant ZOETOP BUSINESS CO., LIMITED, a Hong Kong business entity ("Zoetop"); and DOES 1 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff creates and obtains rights to unique two-dimensional non-functional designs for display and use on textiles and accessories, which are transacted primarily in and through the apparel and home goods industries. Plaintiff owns these artworks in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used such artworks in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.      The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.      The Court has ancillary subject matter jurisdiction over Plaintiff's state law claims under principles of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the Defendants can be found in this judicial district.

5.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortious acts occurred, and a

1  substantial part of the injury took place and continues to take place; and (b)

2  Defendants are subject to the Court's personal jurisdiction with respect to this

3  action.

### THE PARTIES

5  6.      Plaintiff is an individual residing in the State of Oregon.

6  7.      Plaintiff is informed and believes, and thereon alleges, that Defendant

7  Zoetop, is, and at all times relevant was, a Hong Kong business entity.  Plaintiff is

8  informed and believes, and thereon alleges, that Zoetop advertises, distributes, and

9  sells products under various brands, including "SHEIN" and "ROMWE," to

10  consumers throughout the United States, including consumers within this Court's

11  jurisdiction.

12  8.      Defendants DOES 1 through 10 are individuals and/or entities whose

13  true names and capacities are presently unknown to Plaintiff.  Plaintiff is informed

14  and believes, and thereon alleges, that, at all times herein mentioned, each of the

15  fictitiously named defendants was the agent, servant, and/or employee of his or her

16  co-defendants and, in doing the things herein mentioned, was acting within the

17  scope of his or her authority as such agent, servant, and/or employee, and with the

18  permission and consent of his or her co-defendants, and that each of said fictitiously

19  named defendants is, in some manner, liable or responsible to Plaintiff based upon

20  the facts hereinafter alleged and thereby proximately caused injuries and damages

21  to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants

22  by said fictitious names.  At such time as said defendants' true names and capacities

23  become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to

24  insert said true names and capacities of such individuals and/or entities.

25  9.      Plaintiff is informed and believes, and thereon alleges, that at all

26  relevant times, there existed a unity of interest and ownership between each and

27  every Defendant such that any individuality or separateness between each and

28  every Defendants has ceased.  Defendants are the alter egos of one another in that

Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business. Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.

## PLAINTIFF'S COPYRIGHT

10. Plaintiff is a professional artist who regularly sells, licenses, or otherwise exploits her artwork to clients and third-party retailers.

11. Plaintiff has expended considerable resources and efforts in creating, developing, and marketing her artworks, which are essential to her business.

12. Plaintiff owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Crash into Me" (the "Crash Into Me Artwork"):



13.     The Crash into Me Artwork was first published in January of 2014 and is registered with the United States Copyright Office as Registration No. VA 2-143-907.

14.     On or about January 23, 2014, Plaintiff began advertising, displaying, and selling the Crash Into Me Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

15.     Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Happy Place" (the "Happy Place Artwork"):



16.     The Happy Place Artwork was first published in September 2013 and is registered with the United States Copyright Office as Registration No. VA 2-108-020.

17.     On or about September 9, 2013, Plaintiff began advertising, displaying, and selling the Happy Place Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

18.     Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork internally

designated as "Sunshine x Stripes" (the "Sunshine x Stripes Artwork"):



19. On or about January 11, 2021, Plaintiff applied to the United States Copyright Office for copyright registration of the Sunshine x Stripes Artwork. A true and correct copy of Plaintiff's application for copyright registration is attached hereto as **Exhibit A**.

20. On or about January 26, 2021, the United States Copyright Office denied Plaintiff's application for copyright registration of the Sunshine x Stripes Artwork. A true and correct copy of the United States Copyright Office's denial letter is attached hereto as **Exhibit B**.

21. On or about December 11, 2014, Plaintiff began advertising, displaying, and selling the Sunshine x Stripes Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

22. Collectively, Plaintiff's Crash Into Me Artwork, Happy Place Artwork, and Sunshine x Stripes Artwork will be referred to as the "Artworks".

## DEFENDANTS' INFRINGING CONDUCT

23. Upon information and belief, Defendants are in the business of commercially manufacturing, selling, distributing, and displaying clothing, home furnishing goods, and other items.

24. In or around late 2020, Plaintiff discovered that Defendants were

selling goods including, but not limited to, tapestries and pillows which bear artwork identical or substantially similar to Plaintiff's Crash Into Me Artwork ("Infringing Crash Into Me Goods"). A true and correct copy of a side by side comparison of the Infringing Crash Into Me Goods and an authorized work bearing the Crash Into Me Artwork is attached hereto as **Exhibit C**.

25. In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Happy Place Artwork ("Infringing Happy Place Goods"). A true and correct copy of a side by side comparison of the Infringing Happy Place Goods and an authorized work bearing the Happy Place Artwork is attached hereto as **Exhibit D**.

26. In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Sunshine x Stripes Artwork ("Infringing Sunshine x Stripes Goods"). A true and correct copy of a side by side comparison of the Infringing Crash Into Me Goods and an authorized work bearing the Sunshine x Stripes Artwork is attached hereto as **Exhibit E**.

27. Upon information and belief, Defendants were selling, marketing, and advertising the Infringing Crash Into Me Goods, Infringing Happy Place Goods, and Infringing Sunshine x Stripes Goods on websites including, but not limited to, *www.Shein.com*—a website owned and operated by Defendants, and each of them.

28. Collectively, the Infringing Crash Into Me Goods, Infringing Happy Place Goods, and Infringing Sunshine x Stripes Goods are the "Infringing Goods".

29. Upon information and belief, Defendants have misappropriated the Artworks, and are unlawfully reproducing, importing, distributing and/or selling the Infringing Goods online through websites such as *www.Shein.com,* and *www.Romwe.com*, and to retail stores throughout the United States, including, but not limited to, within this judicial district.

30.     Upon information and belief, the U.S. Copyright Office lists no designated agent under the Digital Millennium Copyright Act for either *www.Shein.com* or *www.Romwe.com*.

31.     Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Goods in this judicial district that feature artworks that are identical or substantially similar to the respective Artworks.

32.     Upon information and belief, Defendants' infringing use of the Artworks are not limited to the Infringing Goods described above, and other goods Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Artworks.

33.     Upon information and belief, Defendants are, unlawfully reproducing, importing, distributing and/or selling goods in this judicial district that feature artworks that are identical or substantially similar to copyrighted works belonging to other entities and/or individuals.

## COUNT ONE:

## COPYRIGHT INFRINGEMENT

### (For Copyright Infringement Against All Defendants)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 33, inclusive, of this Complaint, as if fully set forth herein at length.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Crash Into Me Artwork and by producing, distributing and/or selling the Infringing Crash Into Me Goods.

36.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

37.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

38.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork in an amount to be established at trial.

39.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

40.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendants, and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork render Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT TWO

## VICARIOUS AND/OR CONTRIBUTORY COPY RIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement

### Against All Defendants)

41.     Plaintiff repeats, realleges and incorporates herein by reference as

though fully set forth the allegations contained in Paragraphs 1 through 40, inclusive.

42. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Crash Into Me Goods featuring the Crash Into Me Artwork as alleged hereinabove.

43. Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

44. By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

45. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork, in an amount to be established at trial.

46. Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

47. Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork renders Defendants liable for statutory damages as described herein.  Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

**COUNT THREE:**

**COPYRIGHT INFRINGEMENT**

**(For Copyright Infringement Against All Defendants)**

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 47, inclusive, of this Complaint, as if fully set forth herein at length.

49.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Happy Place Artwork and by producing, distributing and/or selling Infringing Happy Place Goods.

50.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

51.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

52.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Happy Place Artwork.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork in an amount to be established at trial.

53.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

54.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Happy Place Artwork renders Defendants liable for statutory damages as described herein.   Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT FOUR:

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**(For Vicarious and/or Contributory Copyright Infringement Against All Defendants)**

55.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 54, inclusive.

56.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Happy Place Goods featuring the Happy Place Artwork as alleged hereinabove.

57.     Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

58.     By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

59.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Happy Place Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork, in an amount to be established at trial.

60.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

61.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Happy Place Artwork renders Defendants liable for statutory damages as described herein.  Within the time permitted by law, Plaintiff will make her election between actual damages and

statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT FIVE:
## COPYRIGHT INFRINGEMENT
### (For Copyright Infringement Against All Defendants)

62.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 61, inclusive, of this Complaint, as if fully set forth herein at length.

63.   Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Sunshine x Stripes Artwork and by producing, distributing and/or selling Infringing Sunshine x Stripes Goods.

64.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

65.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

66.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork.   As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork in an amount to be established at trial.

67.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

68.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine

x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

///

## COUNT SIX:

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**(For Vicarious and/or Contributory Copyright Infringement Against All Defendants)**

69.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 68, inclusive.

70.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Sunshine x Stripes Goods featuring the Sunshine x Stripes Artwork as alleged hereinabove.

71.    Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

72.    By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

73.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork.  As such, Plaintiff is entitled to disgorgement of Defendant's profits

directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork, in an amount to be established at trial.

74.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

75.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One to Four:

1. That Defendants, Defendants' agents and servants be enjoined from selling Infringing Crash Into Me Goods and Infringing Happy Place Goods, or otherwise infringing Plaintiff's copyright in the Crash Into Me Artwork and Happy Place Artwork;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff in connection with Defendants' infringement of the Crash Into Me Artwork and Happy Place Artwork, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

4. Directing such other relief as the Court may deem appropriate to prevent Defendants from participating in these or other copyright infringements.

With respect to all Defendants, and each of them, as to Counts Five to Six:

    5. That Defendants, Defendants' agents and servants be enjoined from selling Infringing Goods, or otherwise infringing Plaintiff's copyright in the Artworks;

    6. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial,

    7. That an order be issued requiring Defendants to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

    8. Such other relief as the Court may deem appropriate.

For such other and further relief as the Court may deem just and proper.

Dated: April 15, 2021        **NOVIAN & NOVIAN LLP**

                        By:   /s/ Farhad Novian
                        FARHAD NOVIAN, State Bar No. 118129
                        ALEXANDER KANDEL, State Bar No. 306176

                            Attorneys for Plaintiff LEAH FLORES, an individual

## DEMAND FOR JURY TRIAL

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.


Dated:  April 15, 2021          **NOVIAN & NOVIAN LLP**

                                By: ___*/s/ Farhad Novian*_____
                                FARHAD NOVIAN, State Bar No. 118129
                                ALEXANDER KANDEL, State Bar No. 306176

                                    Attorneys for Plaintiff LEAH FLORES, an
                                    individual

# EXHIBIT A

**Registration #:**   *-APPLICATION-*
**Service Request #:**   1-10063439451

## Mail Certificate

Leah Flores Designs LLC
Leah Flores
8437 SE 77th Ave
Portland, OR 97206

**Priority:**   Routine      **Application Date:**   January 11, 2021

## Correspondent

**Name:**   Leah Flores
**Email:**   leah@leahflores.com
**Telephone:**   (503)396-1658
**Address:**   8437 SE 77th Ave
Portland, OR 97206 United States

Registration Number

# *-APPLICATION-*

## Title _____

**Title of Work:** Sunshine x Stripes

## Completion/Publication _____

**Year of Completion:** 2014
**Date of 1st Publication:** December 11, 2014
**Nation of 1st Publication:** United States

## Author _____

- **Author:** Leah Flores
**Author Created:** 2-D artwork
**Work made for hire:** No
**Citizen of:** United States
**Domiciled in:** United States
**Year Born:** 1988

## Copyright Claimant _____

**Copyright Claimant:** Leah Flores
8437 SE 77th Ave, Portland, OR, 97206, United States

## Rights and Permissions _____

**Name:** Leah Flores
**Email:** leah@leahflores.com
**Telephone:** (503)396-1658
**Address:** 8437 SE 77th Ave
Portland, OR 97206 United States

## Certification _____

**Name:** Leah Flores
**Date**: January 11, 2021

# EXHIBIT B

 **United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

January 26, 2021

Leah Flores
8437 SE 77th Ave
Portland, OR 97206
United States

Correspondence ID:     1-4N7J32G

RE:     Sunshine x Stripes, Case # 1-10063439451

Dear Leah Flores:

Registration of this work must be refused because it lacks the authorship necessary to support a copyright claim.

Copyright protects original works of authorship that are fixed in some physical form. See 17 U.S.C. §102(a). As used in the copyright context, the term "original" means that the work was independently created by the author (as opposed to copied from other works), and that it possesses sufficient creative authorship. See Feist Publications v. Rural Telephone Service Co., 499 U.S. 340 (1991).

To satisfy these requirements, a work of the visual arts must contain a minimum amount of creative pictorial, graphic or sculptural authorship. Copyright does not protect familiar symbols or designs; basic geometric shapes; words and short phrases such as names, titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring. See 37 C.F.R. §202.1. Further, copyright does not extend to any idea, concept, system, or process which may be embodied in a work. 17 U.S.C. §102(b).

Neither the aesthetic appeal or commercial value of a work, nor the amount of time and effort expended to create a work are factors that are considered under the copyright law. See Bleistein v. Donaldson, 188 U.S. 239 (1903); Feist Publications v. Rural Telephone Service Co., 499 U.S. 340 (1991). The question is whether there is sufficient creative authorship within the meaning of the copyright statute and settled case law.

After careful consideration, we have determined that this particular work will not support a claim to copyright under the standards described above. Therefore, we must refuse registration of this claim. The copyright law requires that we retain the deposit of this work. The filing fee is nonrefundable.

For more information on copyright, please visit our website at www.copyright.gov.

This letter is for your information only; no response is necessary.

Sincerely,
Examiner EAU
Visual Arts Division
Office of Registration Policy & Practice
U.S. Copyright Office

Enclosures:   Reply Sheet



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

*1-4N7J32G*

# Use this sheet <u>if</u> you request reconsideration

## How to request reconsideration:

- Send your written explanation of why the claim should be registered or why it was improperly refused.
- Be sure to include the Correspondence ID Number (listed under the bar code above) on the first page of your Request.
- Indicate whether you are requesting a "First Reconsideration" or "Second Reconsideration."

- **Submit your request ONLINE:** We strongly recommend sending all requests for reconsideration via email following these steps:

  **EMAIL YOUR REQUEST (BUT NOT THE REQUIRED FEE) to:**
  copreviewboard@loc.gov.
  o The subject line should say "First Reconsideration" or "Second Reconsideration"
  o Once your email request is received, you will be contacted with instructions on how to submit the required fee.

  **IMPORTANT NOTE**: Your request and the required fee must be received no later than three months after a refusal is issued.

- **Alternatively, you may submit your request VIA MAIL, but the Copyright Office's response will be delayed due to the COVID-19 pandemic**:

  o **IMPORTANT NOTE**: Your request must be postmarked (via the U.S. Postal Service) or dispatched (via commercial carrier, courier, or messenger) no later than three months after a refusal is issued.
  o Enclose the required fee.
  o Address your request to**:**

    **RECONSIDERATION**
    **Copyright RAC Division**
    **P.O. Box 71380**
    **Washington, DC 20024-1380**

**First Request for Reconsideration:** The Registration Program Office considers the first request. If it upholds the refusal, you may submit a second request.

Leah Flores                                    - 3 -                                    1-4N7J32G

**Second Request for Reconsideration:** The Copyright Office Board of Review considers the second request. The Board consists of the Register of Copyrights and the General Counsel (or their respective designees), and a third member appointed by the Register. The Board's decision constitutes final agency action.

**Notification of decision**:  While working remotely due to COVID-19, the Copyright Office will send all notifications of its decisions by email.

**FEES:**

**First Request**                 $350 per application

**Second Request**           $700 per application

# EXHIBIT C

Leah Flores Designs LLC

SHEIN





# EXHIBIT D

Leah Flores Designs LLC



SHEIN





# EXHIBIT E

Leah Flores Designs LLC

SHEIN



