GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

GREENBERG TRAURIG, LLP
Soyeon Jeong (SBN 325688)
jeongs@gtlaw.com
4 Embarcardero Center, Suite  3000
San Francisco, CA 94111
Tel: 415-655-1300; Fax: 415-707-2010

Attorneys for Defendant
ZOETOP BUSINESS CO., LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEAH FLORES, and individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LIMITED, a Hong Kong business entity; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | CASE NO.:  2:21-cv-02067-JVS-MAA<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge:         Hon. James V. Selna<br>Action Filed:  March 5, 2021<br>FAC Filed:     April 15, 2021 |

As its answer to Plaintiff Leah Flores' ("Plaintiff") First Amended Complaint ("FAC"), Defendant Zoetop Business Co., Limited ("Zoetop") states as follows:

## NATURE OF THE ACTION

1.     Plaintiff creates and obtains rights to unique two-dimensional nonfunctional designs for display and use on textiles and accessories, which are transacted primarily in and through the apparel and home goods industries. Plaintiff owns these artworks in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used such artworks in the production of unauthorized goods which infringe Plaintiff's copyrights.

**ANSWER:**

Zoetop admits that Plaintiff has purported to allege claims for copyright infringement against Zoetop, but denies that those claims have merit. Zoetop is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the FAC, and therefore, denies the allegations therein.

## JURISDICTION AND VENUE

2.     The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

**ANSWER:**

Zoetop admits that this Court has original jurisdiction over the federal copyright claims pursuant to the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338(a) and (b), but denies that those claims have merit.

3.     The Court has ancillary subject matter jurisdiction over Plaintiff's state law claims under principles of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

Zoetop admits that this Court has ancillary subject matter jurisdiction over

1

Plaintiff's state law claims under 28 U.S.C. § 1367(a), but denies that those claims have merit.

4.     This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the Defendants can be found in this judicial district.

**ANSWER:**

Zoetop denies that Plaintiff has conclusively established that Zoetop is subject to personal jurisdiction in this District, but for purposes of this action only, Zoetop does not contest personal jurisdiction. Zoetop is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the FAC, and therefore, denies the allegations therein.

5.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortious acts occurred, and a substantial part of the injury took place and continues to take place; and (b) Defendants are subject to the Court's personal jurisdiction with respect to this action.

**ANSWER:**

Zoetop denies that Plaintiff has conclusively established that venue is proper in this District, but for purposes of this action only, Zoetop does not contest venue. Zoetop is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the FAC, and therefore, denies the allegations therein.

## THE PARTIES

6.     Plaintiff is an individual residing in the State of Oregon.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to

2

the truth of the allegations contained in Paragraph 6 of the FAC, and therefore, denies the allegations therein.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant Zoetop, is, and at all times relevant was, a Hong Kong business entity. Plaintiff is informed and believes, and thereon alleges, that Zoetop advertises, distributes, and sells products under various brands, including "SHEIN" and "ROMWE," to consumers throughout the United States, including consumers within this Court's jurisdiction.

**ANSWER:**

Zoetop admits the allegations of Paragraph 7 of the FAC.

8.    Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants by said fictitious names. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

**ANSWER:**

The statements contained in Paragraph 8 of the FAC do not require an answer from Zoetop. To the extent such a response is required, Zoetop is without sufficient information or knowledge to admit or deny the allegations in Paragraph 8, and therefore denies them.

9.    Plaintiff is informed and believes, and thereon alleges, that at all relevant

3

times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased. Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business. Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.

**ANSWER:**

The statements contained in Paragraph 9 of the FAC do not require an answer from Zoetop. To the extent such a response is required, ZoeTop denies the allegations of Paragraph 9 of the FAC.

## **PLAINTIFF'S COPYRIGHT**

10.     Plaintiff is a professional artist who regularly sells, licenses, or otherwise exploits her artwork to clients and third-party retailers.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC, and therefore, denies the allegations therein.

11.     Plaintiff has expended considerable resources and efforts in creating, developing, and marketing her artworks, which are essential to her business.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC, and therefore, denies the

4

allegations therein.

12. Plaintiff owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Crash into Me" (the "Crash Into Me Artwork"):



**<u>ANSWER:</u>**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the FAC, and therefore, denies the allegations therein.

13. The Crash into Me Artwork was first published in January of 2014 and is registered with the United States Copyright Office as Registration No. VA 2-143-907.

**<u>ANSWER:</u>**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the FAC, and therefore, denies the allegations therein.

14. On or about January 23, 2014, Plaintiff began advertising, displaying, and selling the Crash Into Me Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

**<u>ANSWER:</u>**

Zoetop is without sufficient information or knowledge to form a belief as to

5

the truth of the allegations contained in Paragraph 14 of the FAC, and therefore, denies the allegations therein.

15.   Plaintiff also owns, and had owned prior to the infringing acts complained of herein, all copyrights to a two-dimensional artwork designated as "Happy Place" (the "Happy Place Artwork"):



**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC, and therefore, denies the allegations therein.

16.   The Happy Place Artwork was first published in September 2013 and is registered with the United States Copyright Office as Registration No. VA 2- 108-020.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC, and therefore, denies the allegations therein.

17.   On or about September 9, 2013, Plaintiff began advertising, displaying, and selling the Happy Place Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com*, on her social media pages, and through authorized third-party retailers.

ACTIVE57160317

1  **ANSWER:**

2          Zoetop is without sufficient information or knowledge to form a belief as to

3  the truth of the allegations contained in Paragraph 17 of the FAC, and therefore, denies the

4  allegations therein.

5          18.    Plaintiff also owns, and had owned prior to the infringing acts complained of

6  herein, all copyrights to a two-dimensional artwork internally designated as "Sunshine x

7  Stripes" (the "Sunshine x Stripes Artwork"):



16  **ANSWER:**

17          Zoetop is without sufficient information or knowledge to form a belief as to

18  the truth of the allegations contained in Paragraph 18 of the FAC, and therefore, denies the

19  allegations therein.

20          19.    On or about January 11, 2021, Plaintiff applied to the United States

21  Copyright Office for copyright registration of the Sunshine x Stripes Artwork. A true and

22  correct copy of Plaintiff's application for copyright registration is attached hereto as

23  **Exhibit A**.

24  **ANSWER:**

25          Zoetop admits that Exhibit A purports to be a true and accurate copy of

26  Plaintiff's "Sunshine x Stripes" application for copyright registration. Zoetop is without

27  sufficient information or knowledge to form a belief as to the truth of the remaining

28  allegations contained in Paragraph 19 of the FAC, and therefore, denies the allegations

therein.

20.     On or about January 26, 2021, the United States Copyright Office denied Plaintiff's application for copyright registration of the Sunshine x Stripes Artwork. A true and correct copy of the United States Copyright Office's denial letter is attached hereto as **Exhibit B**.

**ANSWER:**

Zoetop admits that Exhibit B purports to be a true and accurate copy of the United State Copyright Office's denial letter of Plaintiff's "Sunshine x Stripes" application for copyright registration. Zoetop is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the FAC, and therefore, denies the allegations therein.

21.     On or about December 11, 2014, Plaintiff began advertising, displaying, and selling the Sunshine x Stripes Artwork in commerce throughout the United States including, but not limited to Plaintiff's website, *www.leahflores.com* on her social media pages, and through authorized third-party retailers.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC, and therefore, denies the allegations therein.

22.     Collectively, Plaintiff's Crash Into Me Artwork, Happy Place Artwork, and Sunshine x Stripes Artwork will be referred to as the "Artworks".

**ANSWER:**

The statements contained in Paragraph 22 of the FAC do not require an answer from Zoetop. To the extent such a response is required, Zoetop is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, and therefore, denies the allegations therein.

### **DEFENDANTS' ALLEGEDLY INFRINGING CONDUCT**

23.     Upon information and belief, Defendants are in the business of commercially

8

manufacturing, selling, distributing, and displaying clothing, home furnishing goods, and other items.

**ANSWER:**

Zoetop admits the allegations of Paragraph 23 of the FAC.

24.    In or around late 2020, Plaintiff discovered that Defendants were selling goods including, but not limited to, tapestries and pillows which bear artwork identical or substantially similar to Plaintiff's Crash Into Me Artwork ("Infringing Crash Into Me Goods"). A true and correct copy of a side by side comparison of the Infringing Crash Into Me Goods and an authorized work bearing the Crash Into Me Artwork is attached hereto as **Exhibit C**.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC, and therefore, denies the allegations therein.

25.    In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Happy Place Artwork ("Infringing Happy Place Goods"). A true and correct copy of a side by side comparison of the Infringing Happy Place Goods and an authorized work bearing the Happy Place Artwork is attached hereto as **Exhibit D**.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC, and therefore, denies the allegations therein.

26.    In or around March 2021, Plaintiff discovered that Defendants were selling goods including but not limited to pillows which bear artwork identical or substantially similar to Plaintiff's Sunshine x Stripes Artwork ("Infringing Sunshine x Stripes Goods"). A true and correct copy of a side by side comparison of the Infringing Crash Into Me Goods and an authorized work bearing the Sunshine x Stripes Artwork is attached hereto

9

as **Exhibit E**.

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC, and therefore, denies the allegations therein.

27.    Upon information and belief, Defendants were selling, marketing, and advertising the Infringing Crash Into Me Goods, Infringing Happy Place Goods, and Infringing Sunshine x Stripes Goods on websites including, but not limited to, *www.Shein.com*—a website owned and operated by Defendants, and each of them.

**ANSWER:**

Zoetop admits that it operates www.shein.com. Zoetop is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the FAC, and therefore, denies the allegations therein.

28.    Collectively, the Infringing Crash Into Me Goods, Infringing Happy Place Goods, and Infringing Sunshine x Stripes Goods are the "Infringing Goods".

**ANSWER:**

The statements contained in Paragraph 28 of the FAC do not require an answer from Zoetop.    To the extent such a response is required, Zoetop denies the allegations of Paragraph 28 of the FAC.

29.    Upon information and belief, Defendants have misappropriated the Artworks, and are unlawfully reproducing, importing, distributing and/or selling the Infringing Goods online through websites such as *www.Shein.com,* and *www.Romwe.com*, and to retail stores throughout the United States, including, but not limited to, within this judicial district.

**ANSWER:**

Zoetop denies the allegations of Paragraph 29 of the FAC.

30.    Upon information and belief, the U.S. Copyright Office lists no designated agent under the Digital Millennium Copyright Act for either *www.Shein.com* or

10

*www.Romwe.com.*

**ANSWER:**

Zoetop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC, and therefore, denies the allegations therein.

31.   Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Goods in this judicial district that feature artworks that are identical or substantially similar to the respective Artworks.

**ANSWER:**

Zoetop denies the allegations of Paragraph 31 of the FAC.

32.   Upon information and belief, Defendants' infringing use of the Artworks are not limited to the Infringing Goods described above, and other goods Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Artworks.

**ANSWER:**

Zoetop denies the allegations of Paragraph 32 of the FAC.

33.   Upon information and belief, Defendants are, unlawfully reproducing, importing, distributing and/or selling goods in this judicial district that feature artworks that are identical or substantially similar to copyrighted works belonging to other entities and/or individuals.

**ANSWER:**

Zoetop denies the allegations of Paragraph 33 of the FAC.

**COUNT ONE**

**COPYRIGHT INFRINGEMENT**

**(For Copyright Infringement Against All Defendants)**

34.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 33, inclusive, of this Complaint, as if fully set forth

herein at length.

**ANSWER:**

To the extent Paragraph 34 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Crash Into Me Artwork and by producing, distributing and/or selling the Infringing Crash Into Me Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 35 of the FAC.

36.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 36 of the FAC.

37.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 37 of the FAC.

38.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 38 of the FAC.

39.    Plaintiff is informed and believes and thereon alleges that Defendants have

12

imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 39 of the FAC.

40.    Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants, and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork render Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

**ANSWER:**

Zoetop denies the allegations of Paragraph 40 of the FAC.

## COUNT TWO

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (For Vicarious and/or Contributory Copyright Infringement

### Against All Defendants)

41.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 40, inclusive.

**ANSWER:**

To the extent Paragraph 41 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

42.    Plaintiff is informed and believes and thereon alleges that Defendants

13

knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Crash Into Me Goods featuring the Crash Into Me Artwork as alleged hereinabove.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 42 of the FAC.

43.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 43 of the FAC.

44.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 44 of the FAC.

45.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Crash Into Me Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Crash Into Me Artwork, in an amount to be established at trial.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 45 of the FAC.

46.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Crash Into Me Goods.

**ANSWER:**

   Zoetop denies the allegations of Paragraph 46 of the FAC.

 47. Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Crash Into Me Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Crash Into Me Artwork renders Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

**ANSWER:**

   Zoetop denies the allegations of Paragraph 47 of the FAC.

**COUNT THREE**

**COPYRIGHT INFRINGEMENT**

**(For Copyright Infringement Against All Defendants)**

 48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 47, inclusive, of this Complaint, as if fully set forth herein at length.

**ANSWER:**

   To the extent Paragraph 48 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

 49. Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Happy Place Artwork and by producing, distributing and/or selling Infringing Happy Place Goods.

15

**ANSWER:**

Zoetop denies the allegations of Paragraph 49 of the FAC.

50. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 50 of the FAC.

51. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 51 of the FAC.

52. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Happy Place Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 52 of the FAC.

53. Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 53 of the FAC.

54. Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

16

hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Happy Place Artwork renders Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 54 of the FAC.

**COUNT FOUR**

**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(For Vicarious and/or Contributory Copyright Infringement**

**Against All Defendants)**

  55. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 54, inclusive.

**ANSWER:**

    To the extent Paragraph 55 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

  56. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Happy Place Goods featuring the Happy Place Artwork as alleged hereinabove.

**ANSWER:**

    Zoetop denies the allegations of Paragraph 56 of the FAC.

  57. Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

17

**ANSWER:**

Zoetop denies the allegations of Paragraph 57 of the FAC.

58.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 58 of the FAC.

59.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Happy Place Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Happy Place Artwork, in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 59 of the FAC.

60.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Happy Place Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 60 of the FAC.

61.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Happy Place Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Happy

18

Place Artwork renders Defendants liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

**ANSWER:**

Zoetop denies the allegations of Paragraph 61 of the FAC.

## COUNT FIVE

## COPYRIGHT INFRINGEMENT

### (For Copyright Infringement Against All Defendants)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 61, inclusive, of this Complaint, as if fully set forth herein at length.

**ANSWER:**

To the extent Paragraph 62 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

63.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Sunshine x Stripes Artwork and by producing, distributing and/or selling Infringing Sunshine x Stripes Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 63 of the FAC.

64.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 64 of the FAC.

65.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19

**ANSWER:**

Zoetop denies the allegations of Paragraph 65 of the FAC.

66.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 66 of the FAC.

67.   Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 67 of the FAC.

68.   Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious.

**ANSWER:**

Zoetop denies the allegations of Paragraph 68 of the FAC.

**COUNT SIX**

**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(For Vicarious and/or Contributory Copyright Infringement**

**Against All Defendants)**

69.   Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 68, inclusive.

ACTIVE57160317

**ANSWER:**

To the extent Paragraph 69 of the FAC requires an answer, Zoetop repeats and incorporates by reference its answers to all prior allegations contained in the FAC as if fully set forth herein.

70.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of Infringing Sunshine x Stripes Goods featuring the Sunshine x Stripes Artwork as alleged hereinabove.

**ANSWER:**

Zoetop denies the allegations of Paragraph 70 of the FAC.

71.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements alleged herein because Defendants had the right and ability to supervise the infringing conduct and because Defendants had a direct financial interest in the infringing conduct.

**ANSWER:**

Zoetop denies the allegations of Paragraph 71 of the FAC.

72.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 72 of the FAC.

73.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Sunshine x Stripes Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Sunshine x Stripes Artwork, in an amount to be established at trial.

**ANSWER:**

Zoetop denies the allegations of Paragraph 73 of the FAC.

74.     Plaintiff is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold Infringing Sunshine x Stripes Goods.

**ANSWER:**

Zoetop denies the allegations of Paragraph 74 of the FAC.

75.     Upon information and belief, Defendants also began such activities although Defendants were fully aware of Plaintiff's superior rights to the Sunshine x Stripes Artwork. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

**ANSWER:**

Zoetop denies the allegations of Paragraph 75 of the FAC.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One to Four:

1.     That Defendants, Defendants' agents and servants be enjoined from selling Infringing Crash Into Me Goods and Infringing Happy Place Goods, or otherwise infringing Plaintiff's copyright in the Crash Into Me Artwork and Happy Place Artwork;

2.     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff in connection with Defendants' infringement of the Crash Into Me Artwork and Happy Place Artwork, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §101 et seq.;

3.     That Plaintiff be awarded her attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

22

4.    Directing such other relief as the Court may deem appropriate to prevent Defendants from participating in these or other copyright infringements.

With respect to all Defendants, and each of them, as to Counts Five to Six:

5.    That Defendants, Defendants' agents and servants be enjoined from selling Infringing Goods, or otherwise infringing Plaintiff's copyright in the Artworks;

6.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial,

7.    That an order be issued requiring Defendants to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

8.    Such other relief as the Court may deem appropriate.

For such other and further relief as the Court may deem just and proper.

**ANSWER:**

To the extent Zoetop is required to respond to the prayer for relief, Zoetop denies that Plaintiff is entitled to the relief sought in Paragraphs 1 to 8 or to any relief whatsoever.

## AFFIRMATIVE DEFENSE

Per Federal Rule of Civil Procedure 8(c), Zoetop asserts the following affirmative and other defenses in response to the allegations in the FAC. Zoetop expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

Plaintiff's FAC, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Zoetop.

23

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Plaintiff's claims are barred, in whole or in part, because Zoetop's copying, if any, of any element of the works in which Plaintiff alleges a copyright interest, did not involve the use of any elements of the works protected by copyright.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Requisite Originality and/or Creativity)

Plaintiff's claims are barred, in whole or in part, because Zoetop's copying, if any, of any element of the works in which Plaintiff alleges a copyright interest, did not involve the use of any elements of the works sufficiently original to warrant copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Plaintiff's remedies are barred in whole or in part because Zoetop has not willfully infringed any intellectual property or other rights owned by Plaintiff and because Zoetop has acted in good faith and without any intention of injuring Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity of Plaintiff's works)

Plaintiff's copyrights in some or all of the works at issue are invalid.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Acquiescence)

Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, and/or acquiescence.

ACTIVE57160317

## EIGHTH AFFIRMATIVE DEFENSE

### (No Mitigation of Damages)

Plaintiff's claims are barred, in whole or part, because she has failed to mitigate any alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (*Scenes a Faire* and Merger)

Plaintiff's claims are barred, in whole or in part, under the *scenes a faire* and merger doctrines.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, words, acts and/or omissions, and not to any conduct, deeds, acts, words, or omissions of Zoetop.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Damages or injuries, if any, suffered by Plaintiff are attributable to the conduct, deeds, words, acts and/or omissions of third parties, and not to any conduct, deeds, acts, words, or omissions of Zoetop.

## ZOETOP'S PRAYER FOR RELIEF

**WHEREFORE**, Zoetop prays for judgment as follows:

1.     That the Court find against Plaintiff and for Zoetop on all counts in Plaintiff's FAC;

2.     That the Court find against Plaintiff and for Zoetop on Zoetop's Affirmative Defenses;

3.     That the Court deny Plaintiff any and all of its requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

4.     That Zoetop be awarded its damages allowed under law;

5.     That Zoetop be awarded its attorneys' fees and costs as allowed by law;

25

6.       That Zoetop be awarded pre-judgment interest as allowed by law; and

7.       That Zoetop be awarded such further legal and equitable relief as the Court deems proper.

### **JURY DEMAND**

Zoetop requests a trial by jury of all issues triable by jury.


Date: May 7, 2021                                      GREENBERG TRAURIG, LLP


                                                              By:  */s/ Nina D. Boyajian*
                                                                      Nina D. Boyajian
                                                                      Attorneys for Defendant Zoetop Business Co.,
                                                                      Limited

26